8

From: The District Court of the First Judicial District, County of Lewis and Clark.

STATE OF MONTANA, Plaintiff, vs. JOHN P. CLAIR, Defendant. NO.24

## DECISION

The application of the above-named defendant for a review of the sentence of life, imposed on June 2, 1955, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The Petition for Review is denied.

The reason for the above decision is that Chapter 25 of the Montana Code of Criminal Procedure (1967) Section 95-2502 provides, in part, as follows: "Any person sentenced to a term of one year or more in the state prison by any court of competent jurisdiction may . . . except in any case in which a different sentence could not have been imposed, file . . . an application for review of the sentence by the review division." This defendant was sentenced to life imprisonment on a charge of First Degree, Murder. It is the opinion of the Board that it has no jurisdiction to reduce this sentence as it is the only one that could have been imposed except, of course, hanging.

DATED this 27th day of March, 1968.

SENTENCE REVIEW DIVISION

W. W. Lessley, chairman; Philip Duncan, Paul G. Hatfield.

From: The District Court of the Thirteenth Judicial District. County of Yellowstone.

STATE OF MONTANA, Plaintiff, vs. ELZIE DEE CLARK, Defendant.

Received at State Prison 8/7/64—Robbery.

NO. 9

## DECISION

The application of the above-named defendant for a review of the sentence of 30 years, imposed on August 5, 1964, was fully heard and after a careful consideration of the entire matter it is decided that:

(1) The sentence be reduced to 20 years.

The reason for the above decision is that with only a minor past arrest record and no prior felony convictions, the prisoner was given a sentence of 30 years for robbery, the same sentence as was meted out to his older brother, Eldred Lee Clark, who did have a prior felony conviction and was reportedly the leader in the crime involved. Further it is to be noted that the sentence generally imposed under the circumstances is between 10 and 11 years.

DATED this 27th day of March, 1968.

SENTENCE REVIEW DIVISION

Victor H. Fall, chairman; Philip Duncan, Paul G. Hatfield.

The action taken herein is not to be construed as being any indication whatever that the Sentence Review Division feels the same should influence, in any way, any other official, Board or person.